UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


General Star Indemnity Co.

    v.

Adam P. Beck, M.D., et al.          Civil No. 18-cv-108-JD
                              Opinion No. 2018 DNH 165

    v.

General Star Indemnity Co. et al


O R D E R

General Star Indemnity Company brought a declaratory
judgment action, seeking a determination that it may rescind the
liability insurance policy issued to Adam P. Beck, M.D. or in
the alternative that there is no coverage under the policy.
General Star also named Beck's company, New England Eye
Specialists, P.C., James F. Kelly, Goldie Morrow, John Morrow,
and David Dennis as defendants because the company, along with
Beck, is seeking insurance coverage for claims made by Kelly,
the Morrows, and Dennis.  Beck, proceeding pro se, brought
counterclaims against General Star and others, and then amended
the counterclaims.  Counsel has now entered an appearance on
behalf of Beck and New England Eye Specialists, P.C.

General Star moves to dismiss Counts III, IV, V, VI, VII,
and IX of the counterclaim in Beck's amended answer.  Beck did

not file a response to the motion to dismiss within the time allowed.

## Standard of Review

In considering a motion to dismiss, the court accepts all well-pleaded facts as true, disregarding mere legal conclusions, and resolves reasonable inferences in the plaintiff's favor.[1] Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). Taken in that light, the complaint must state sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017). The plausibility standard is satisfied if the factual allegations in the complaint "are sufficient to support the reasonable inference that the defendant is liable." In re Fidelity ERISA Float Litig., 829 F.3d 55, 59 (1st Cir. 2016) (internal quotation marks omitted). The complaint need not include "a high degree of factual specificity" but "must contain more than a rote recital of the elements of a cause of action." Carcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal quotation marks omitted).

---

[1] General Star filed its answer to the counterclaim on the same day that it filed the motion to dismiss. Because the answer has been filed, the motion should have been for judgment on the pleadings under Rule 12(c). Nevertheless, because the same standard applies under Rule 12(b)(6) and Rule 12(c), the court proceeds to consider the motion. Kando v. R.I. St. Bd. Of Elections, 880 F.3d 53, 58 (1st Cir. 2018).

## Background

During the events at issue in the case, Adam Beck was a licensed medical doctor with a specialty in ophthalmology. New England Eye Specialists, PC, was his professional corporation. General Star was an insurance company, authorized to do business in New Hampshire.

General Star issued a Physicians & Surgeons Professional Liability Insurance Policy to Beck based on his application and supporting statement dated July 31, 2017. General Star contends that Beck made material misrepresentations in his application and supporting statement because he did not disclose that a complaint with the New Hampshire Board of Medicine by Doris Newell or another patient remained open and that a complaint had been filed against him by James Kelly. He also did not disclose that a lawyer, on behalf of two of his patients Goldie Morrow and David Dennis, had requested medical records.

After General Star issued the policy, medical malpractice actions were brought against Beck on behalf of Morrow, Dennis, and Kelly. Beck also entered a settlement agreement with the New Hampshire Board of Medicine with regard to either Newell's complaint or another patient's complaint.[2] General Star seeks

---

[2] The settlement agreement does not name the female patient who made the complaint.

3

rescission of the policy, or alternatively, a declaratory judgment that there is no coverage for the actions against Beck.

In his amended answer, Beck alleges that he has paid his premiums for the coverage in the General Star policy. Beck notified General Star of the underlying lawsuits brought by Morrow, Dennis, and Kelly. General Star has refused to provide coverage for those suits.

Beck alleges eight counts in his counterclaim brought against General Star Indemnity Company, General Star Management Company, General Star Corporation, General Star LLC, General Star National Insurance Company, General Star Start LLC, and individuals identified as directors of General Star.[3] Beck identifies the defendants collectively as General Star, indicating that he did not intend to bring claims against the listed defendants individually.

In Count I he seeks a declaratory judgment that General Star is obligated to provide a defense in the underlying lawsuits, and in Count II he alleges that General Star has breached its duty to defend. Count III is titled "Negligence" but also allege defamation and includes citations to New Hampshire and Massachusetts statutes, along with the Health Insurance Portability and Accountability Act ("HIPAA"). In

---

[3] The counts in the counterclaim are numbered I, II, III, IV, V, VI, VII, and IX. There is no Count VIII.

Count IV, Beck alleges violation of the New Hampshire Consumer

Protection Act but also lists other New Hampshire statutes, and

in Count V, he alleges violation of the Massachusetts Consumer

Protection Act.  Count VI is titled "Libel and Defamation," and

Count VII is titled "False Light," but include citations to

state statutes and HIPAA.  There is no Count VIII.  Count IX is

a claim for intentional infliction of emotional distress, but

also cites a string of New Hampshire and Massachusetts statutes.

## Discussion

General Star moves to dismiss Counts III, IV, V, VI, VII,

and IX for failure to state a claim.[4]  In support of the motion

to dismiss, General Star contends that the claims in Counts III,

VI, VII, and IX are based on theories that Beck was defamed by

General Star based on statements made in the General Star's

amended complaint.  General Star interprets Counts III, IV, and

V to allege that it violated Massachusetts and New Hampshire

statutes by failing to provide services and to provide coverage

to Beck.  Beck did not file a response to the motion to dismiss.[5]

---

[4] As is noted above, although Beck lists other defendants
along with General Star, his counterclaim is construed to bring
claims against General Star, not the listed defendants
individually.

[5] Although Beck was initially proceeding pro se, he is now
represented by counsel.  Counsel did not file any response on
Beck's behalf or request an extension of time to do so.

## I. Applicable Law

Beck alleges claims under both New Hampshire and Massachusetts law. General Star asserts that New Hampshire law governs the claims in the case because all three of the underlying suits against Beck were or will be filed in New Hampshire and those complaints are directed to Beck at his New Hampshire address. As such, the insurance risks involved are in New Hampshire.

In addition, Morrow and Dennis are residents of New Hampshire, while Kelly is a resident of Missouri. Beck applied for coverage for New England Eye & Facial Specialists in Londonderry, New Hampshire, along with coverage for himself at his address in Andover, Massachusetts. Beck indicated on his insurance application that he was licensed to practice in New Hampshire and Massachusetts.

Before undertaking a choice of law analysis, the court first inquires as to whether the law of interested jurisdictions actually conflict, that is, whether the outcome would be changed by application of the law of a state other than the forum state. A.M. Capen's Co. v. Am. Trading & Prod. Corp., 202 F.3d 469, 472 n.6 (1st Cir. 2000). The party who relies on the law of another state bears the burden of showing its content. Aftokinito Props., Inc. v. Millbrook Ventures, LLC, 2010 WL 3168295, at *3 (D.N.H. Aug. 9, 2010).

Here, Beck cites both New Hampshire and Massachusetts law without suggesting that any conflict exists between them that would result in different outcomes.  Because he did not respond to the motion to dismiss, Beck provided no support for his reliance on Massachusetts law.  Therefore, in the absence of a demonstrated conflict, the court will apply the law of New Hampshire.[6]

## II.  Counterclaim

Beck alleges statutory and common law claims.  Because New Hampshire law applies, Count V, which is entirely based on Massachusetts law, along with those parts of the other claims that are based on Massachusetts law, are dismissed.

---

[6] Even if the court were to undertake a choice-of-law analysis, it would apply the law of New Hampshire.

Federal courts sitting in diversity jurisdiction, apply the choice-of-law rules of the forum state, which is New Hampshire here.  Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Generally, if the relevant substantive law of another state with substantial interests in the litigation conflicts with New Hampshire law, the court applies a five-factor test to determine which law applies.  TIG Ins. Co. v. Eiflow Ins. Ltd., 2015 WL 5714686, at *4 (D.N.H. Sept. 29, 2015).  In cases where a contract such as an insurance policy is at issue, "'the law of the State with the most significant relationship to the contract will govern questions regarding the contract's performance.'"  Id. (quoting Glowski v. Allstate Ins. Co., 134 N.H. 196, 197-98 (1991)).  All of the considerations applicable to the choice-of-law analysis support applying New Hampshire law in this case.

A.  Claims Based on New Hampshire Statutes

In Counts III and IV, Beck alleges that General Star
violated RSA chapter 358-A, RSA chapter 417, RSA chapter 541,
RSA chapter 541-A, and RSA chapter 400-A through 420-J by
failing to offer him malpractice insurance coverage going
forward and for his prior acts.  As General Star points out, the
insurance industry is excluded from the New Hampshire Consumer
Protection Act.  RSA 358-A:3, I.  Under RSA chapter 417, a
plaintiff can bring suit only after the insurance commissioner
has determined that an insurance company's practice violates the
chapter, and Beck does not allege such a finding here.  RSA
417:19, I; U.S. Bank, Nat'l Ass'n v. Foremost Ins. Co., 2017 WL
2592420, at *3 (D.N.H. June 14, 2017).  As General Star
explains, neither RSA chapter 541 nor RSA chapter 541-A, which
govern administrative procedures, apply to the circumstances
alleged here.

RSA chapter 400-A through RSA chapter 420-J are statutes
governing all aspects of the business of insurance, including
procedures for the insurance department and a myriad of other
areas of regulation.  Beck alleges that General Star violated
all of the statutes by failing to provide insurance services as
advertised and by defaming him with allegations in the amended
complaint.  As General Star contends, those allegations are not
sufficiently specific to state a plausible claim for relief.

8

Therefore, all claims based on RSA chapter 400-A through RSA chapter 420-J are dismissed.

### B. HIPAA

In Counts III, VI, and VII, Beck mentions HIPAA, without citing any specific provision.  Beck has not alleged that General Star is a covered entity under HIPAA, and it asserts that it is not.  HIPAA applies in certain situations to health plans, health care clearing houses, healthcare providers, and business associates of covered entities.  See 45 C.F.R. § 160.103; § 164.104.  In addition, as General Star asserts, courts that have considered the issue have found that no private right of action exists under HIPAA.  See Carpenter v. Arredondo, 714 Fed. Appx. 416, 417 (5th Cir. 2018); Bond v. Conn. Bd. Of Nursing, 622 Fed. Appx. 43, n. 2 (2d Cir. 2015) (citing cases).  Therefore, all claims based on a violation of HIPAA are dismissed.

### C. Libel, Defamation, False Light, Intentional Infliction of Emotional Distress

In Counts III, VI, VII, and IX, Beck alleges that General Star published false and defamatory statements about him in the amended complaint.  Specifically, Beck objects to allegations that he misrepresented the status of Newell's complaint to the New Hampshire Board of Medicine or failed to disclose another

complaint that was then pending before the New Hampshire Board of Medicine.  Beck also objects to the allegation that he entered into a settlement agreement with the Board of Medicine that addressed either the Newell complaint or a complaint by another patient.[7]

As General Star asserts, allegations made in pleadings filed with a court, which are pertinent to the proceedings, are absolutely privileged and cannot be the basis for a civil suit. Provencher v. Buzzell-Plourde Assocs, 142 N.H. 848, 853 (1998); McGranahan v. Dahar, 119 N.H. 758, 763 (1979).  The statements about Beck's misrepresentations to General Star in his application for insurance are pertinent to General Star's suit to rescind the policy based on those misrepresentations. Therefore, the statements are absolutely privileged.

In addition, claims for defamation, libel, and false light all require as an element that the challenged statement be false.  See Vention Med. Advanced Components, Inc. v. Pappas, --- A.3d ---, 2018 WL 2905593, at *5 (N.H. June 8, 2018) (defamation); Thomas v. Tel. Publ'g Co., 155 N.H. 314, 321 (2007) (defamation and libel); Hamberger v. Eastman, 106 N.H. 107, 111 (1964) (false light).  Based on the settlement agreement filed with the amended complaint, the allegations in

_____

[7] General Star submitted a copy of the settlement agreement with its amended complaint.

the amended complaint appear to be true.  Counts VI and VII are dismissed.  To the extent Counts III and IX are based on theories of defamation, libel, or false light, they are also dismissed.

### D. Negligence

To state a claim for negligence, a plaintiff must allege that the defendant owed him a duty, breached that duty, and that the breach caused the plaintiff harm.  Yager v. Clauson, 169 N.H. 1, 5 (2016).  Beck alleges that General Star had a duty to defend him in the underlying lawsuits and to provide him with malpractice insurance and that General Star negligently failed to do so.  As explained above, the cited statutes do not impose those duties.  Beck has not alleged a duty to support his negligence claim in Count III, which is dismissed.

### E. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts to show that the defendant "'by extreme and outrageous conduct, intentionally or recklessly cause[d] severe emotional distress to another.'" Saunders v. First Magnus Fin. Corp., 2018 DNH 145, 2018 WL 3432721, at *5 (D.N.H. July 16, 2018) (quoting Morancy v. Morancy, 134 N.H. 493, 496 (1991).  To meet that standard, the accused conduct must have been "'so outrageous in character, and

so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Id. (quoting Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 729 (2009)).

Beck alleges a claim for intentional infliction of emotional distress in Count IX based on General Star's allegations in the amended complaint, which he contends were defamatory and libelous.  As is explained above, those statements are absolutely privileged.  In addition, even if they were not, they would not provide grounds for a claim of intentional infliction of emotional distress because General Star alleges what is shown in the settlement agreement between Beck and the New Hampshire Board of Medicine.  Therefore, Count IX is dismissed.

## Conclusion

For the foregoing reasons, General Star's motion to dismiss (document no. 35) is granted.  Counts III, IV, V, VI, VII, and IX in Beck's amended counterclaim are dismissed.  The claims remaining in the amended counterclaim are Counts I and II.

SO ORDERED

_Joseph A. DiClerico, Jr._
Judge Joseph A. DiClerico, Jr.
United States District Judge

August 13, 2018
cc:  William J. Amann, Esq.
     Christopher T. Conrad, Esq.

Sabina B. Danek, Esq.
Richard E. Fradette, Esq.
Mark L. Mallory, Esq.
Kenneth D. Murphy, Esq.
David A. Wilford, Esq.